## WHATLEY v. LONG.

Where in a suit upon a promissory note the plaintiff makes out a prima facie case, and the burden of proof is shifted to the defendant, it is error for the court to charge the jury that the defendant must prove his contentions "to a reasonable and a moral certainty."

No. 178. OCTOBER 20, 1917.

Equitable petition. Before Judge Munro. Taylor superior court. December 27, 1916.

*Jere M. Moore*, for plaintiff in error. *Jule Felton*, contra.

GILBERT, J. Mrs. Laura Long brought suit against W. R. Whatley. The suit as finally submitted to the jury had for its purpose the recovery of a judgment on a promissory note. The defendant denied liability, and, in addition, set up a claim for improvements made on the property of the plaintiff, by way of recoupment. The court charged the jury as follows: "As I stated, the onus is upon the plaintiff asserting and affirming certain facts to make out her prima facie case. When the plaintiff shows a breach of that contract by the defendant, and introduces her note, and presents to you evidence of the fact that notice of attorney's fees has been given, the burden of proof has been shifted. It becomes necessary then for the defendant to prove to a reasonable and moral certainty that his contentions are true." Error is assigned on this charge, because it places a greater burden upon the defendant than the law requires. This being a civil case, the party upon whom the burden of proof rests is only required by law to prove his contentions by a preponderance of the evidence. This charge, therefore, was prejudicial error requiring the grant of a new trial.

*Judgment reversed. All the Justices concur, except Fish, C. J., and Beck, P. J., absent.*